# IN THE COURT OF APPEALS OF IOWA

No. 24-1162
Filed March 11, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jerry Christopher Johnson,**
Defendant–Appellant.

Appeal from the Iowa District Court for Des Moines County,
The Honorable Shane M. Wiley, Judge.

**AFFIRMED**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, attorney for
appellant.

Brenna Bird, Attorney General, and Katherine Wenman and Anagha Dixit
(until withdrawal), Assistant Attorneys General, attorneys for appellee.

Considered without oral argument
by Schumacher, P.J., Langholz, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

Jerry Johnson appeals the sentence imposed by the district court after revocation of his deferred judgment, claiming the court abused its discretion by sentencing him to prison. Upon our review, we affirm.

In 2018, the State filed a trial information charging Johnson with possession with intent to deliver marijuana, a class "D" felony, in violation of Iowa Code section 124.401(1)(d) (2018). Johnson pled guilty to the charge, was granted a deferred judgment, and was placed on probation for a period not exceeding five years.

In 2019, Johnson was arrested for violating the terms of his probation in multiple ways: failing to report to his probation officer, failing to meet his financial obligations, and perhaps most significantly, being arrested for public intoxication. Johnson admitted to all violations, and the district court decided to continue his deferred judgment and probation but added an additional term requiring Johnson to reside in a halfway house, which he completed in March 2020.

In October 2020, a warrant was issued after the court received a report from Johnson's probation officer alleging Johnson violated the terms of his probation, including absconding from probation supervision. Johnson was arrested on the warrant in April 2024. An addendum was attached to the probation violation in which Johnson's probation officer reported Johnson was arrested for public intoxication in February 2024. Johnson, through counsel, admitted to all probation violations. In a separate sentencing hearing, the district court heard testimony from Johnson and his probation officer. Johnson testified to having a job in Iowa City, a stable place to live, and a desire to complete outpatient treatment.

The district court revoked Johnson's deferred judgment and sentenced him to incarceration for a term not to exceed five years. Johnson appeals, claiming the court abused its discretion by imposing this sentence.

We review revocation of probation for an abuse of discretion. *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). A court abuses its discretion when it bases its decision "on grounds or for reasons that are clearly untenable or unreasonable." *Id.* When a court imposes a sentence within the statutory limits, it is "cloaked with a strong presumption in its favor." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

Johnson contends the district court should have given more weight to his inclination to receive substance-abuse treatment and his positive employment history. The court, when ruling, expressed concern over Johnson's ability to follow the terms of his probation, specifically highlighting Johnson's abscondence for "essentially four years." The court explained, "It makes the court pause in terms of its faith that you can follow through or will follow through with any kind of court order requiring any kind of further probation. You didn't succeed before because you didn't follow through with what was required of you." The court considered this aggravating factor to outweigh the mitigating factors such as Johnson's age and his employment and living circumstances.

Johnson does not point to any improper factors or clearly untenable grounds in the district court's decision. He just expresses disagreement with the severity of the punishment, which, "without more, is insufficient to establish an abuse of discretion." *See State v. Pena*, No. 15-0988, 2016 WL

1133807, at *1 (Iowa Ct. App. Mar. 23, 2016). Because the district court's sentencing decision was not untenable or unreasonable, we affirm.

**AFFIRMED.**